**James J. MARTIN**

v.

**Stewart J. BOSTIC**
and
**Flora G. Mealy.**
Civ. No. 11727.

United States District Court
D. Maryland.

Jan. 12, 1961.

Paul Berman, Baltimore, Md., for plaintiff.

Foster H. Fanseen, Baltimore, Md., for defendant Bostic.

Herbert F. Murray, Baltimore, Md., for defendant Mealy.

THOMSEN, Chief Judge.

Plaintiff, who was injured in a collision between two automobiles, obtained a judgment herein against both drivers. Defendant Bostic's insurer has paid the full amount of the judgment and costs, has received and filed an order of satisfaction, and has moved for a judgment against defendant Mealy in favor of defendant Bostic, to the use of his insurer, in the sum of $2,027.35, one-half of the judgment and costs. See Uniform Contribution among Joint Tort-Feasors Act, in force in Maryland, where the accident occurred. Ann.Code of Md. (1957 ed.), Art. 50, sec. 16 et seq. Our Clerk has raised a question about the proper procedure, since there is no federal statute or rule directly applicable.

Rule 605 d of the Maryland Rules of Procedure (1958 ed.) provides:

"*Recovery over.*

"Where in a single action a joint judgment has been entered against more than one defendant, and one of such defendants has discharged

the judgment by payment or has paid more than his pro rata share thereof, then in any case where a right of contribution or recovery over as between such defendants exists, an appropriate judgment against any other defendant may be entered, after 15 days' notice, upon motion by the defendant and proof of payment."

■ Although this rule does not apply to actions in a federal court, it is proper and generally desirable that this court follow the procedure outlined in the Maryland rule. An appropriate order nisi has already been served on defendant Mealy and she has not replied. The statement in the order of satisfaction, signed by plaintiff's attorney, is sufficient proof of payment.

■ Since the entire judgment has been paid by Bostic's insurer, the new judgment might be entered in its name as the real party in interest. Rule 17(a), F.R.Civ.P., 28 U.S.C.A.; United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171. However, I am advised that the prevailing practice in the Maryland state courts is to enter the new judgment in favor of the named defendant to the use of his insurer; this shows what has happened and may be more convenient to persons running the indexes. The prevailing state practice will be followed in this case, and judgment will be entered in favor of Stewart J. Bostic, to the use of State Automobile Insurance Association of Harrisburg, Pennsylvania, against Flora G. Mealy in the amount of $2,000 and $27.35 costs.

In certain cases a defendant who pays the entire or more than his share of the original judgment may wish to preserve the lien or other effect of that judgment against the non-paying defendant(s), and may therefore wish to have the original judgment assigned to him, the paying defendant, to the extent of one-half (or other proper proportion) thereof, and released only to the extent that the paying defendant is not entitled to contribution.

I do not mean to intimate that this may not be done. The point is immaterial here, where Bostic's insurer merely wishes to establish its claim against the Unsatisfied Claim and Judgment Fund.